## ASSESSMENTS IN EXCESS OF THE STATUTORY LIMITATION.

Circuit Court of Hamilton County.

THE FIFTH NATIONAL BANK OF CINCINNATI v. CITY OF CINCINNATI ET AL.

Decided, February 15, 1908.

*Streets—Assessments for Improvement of—Where by Petition Under Section 2272—Application of the Restrictions to Assessment Under the Municipal Code.*

While a lot owner can not escape payment for a street improvement made in accordance with a petition signed by him, even though the assessment exceeds the statutory limitation, he is entitled to have such an assessment added to any later assessment made within five years, for the purpose of ascertaining whether the total exceeds thirty-three and one-third per cent. of the value of the land after the improvement has been made; and if excess is found he is entitled to relief from the second assessment to that extent.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

In 1899, Henry Moemke was the owner of lot 89, situtated at the corner of Mansion place and Myrtle place on Price Hill, being 37.50 feet on Myrtle and 135 feet on Mansion place, and signed a petition for the improvement of Mansion place and for the assessment of the whole cost of such improvement except two per cent. and cost of intersections.    The amount of the assessment including interest is $400.90.

An ordinance to improve Myrtle place was passed August 8th, 1904, and the assessing ordinance was passed July 17th, 1904.    This assessment with interest amounts to $389.99.

On September 12, 1904, the lot was assessed for a sidewalk in Mansion place in the sum of $64.45, which has been paid. And on June 3d, 1907, the lot was assessed for a sewer in Mansion place in the sum of $99.88, which has been paid.

It is agreed that the property is worth $1,725.    The plaintiff is now the owner of the lot and prays that the assessments be reduced to the amount allowed by statute, and for an injunction.

The lot owner having signed a petition for the improvement of Mansion place and for the assessment of the cost thereof is not entitled under Section 2272, Revised Statutes, then in force, to the benefit of any statutory limitation upon the power of assessment for that improvement, although such petition was not subscribed by three-fourths in interest of the owners of the property abutting upon Mansion place, and although legislation similar to Section 2272, Revised Statutes, has since been held by the Supreme Court to be unconstitutional.    *Shoemaker* v. *City of Cincinnati*, 68 O. S., 603.

It does not follow, however, that the owner of the lot, by signing the petition, waived his right to have such assessment added to later assessments levied upon the same lot within a period of five years, to ascertain whether the total exceeds thirty-three and one-third per cent. of the actual value thereof after improvement is made, as provided in Section 53 of the municipal code as amended April 20, 1904 (97 O. L., 126).

He did not then know and could not anticipate what improve-

ments would be made or what assessments would be levied within the statutory period.

Besides the municipal code expressly provides that ''in no case shall there be levied upon any lot or parcel of land in the corporation any assessment or assessments for any or all purposes, within a period of five years, exceeding thirty-three and one-third per cent. of the actual value thereof,'' which provision admits of no exception, other than when a petition is signed and presented, and then only to be applied to the particular improvement asked 'for, or when otherwise waived. The owner could not escape payment for the improvement in accordance with the 'petition even though the assessment exceeded the limitation then in force (Section 227, Revised Statutes) or now in force (Section 53, municipal code).

The illegality attaches to the later assessments levied within a period of five years, and not to the original assessment authorized by petition.

The Myrtle place assessment was legal to the extent of $174.10, which together with the assessment of Mansion place equals thirty-three and one-third per cent. of the actual value of the lot. The collection of the excess of the Myrtle place assessment, amounting to $215.89, will be enjoined. Such illegal assessments as were voluntarily paid can not be recovered, nor set off against those that remain unpaid. *Wilson* v. *Pelton*, 40 O. S., 306; *Brooks* v. *Village of Norwood*, 12 C. C., 257.

*Wm. F. Chambers, for plaintiff.*

*Charles F. Hornberger*, Assistant City Solicitor, for the city.